IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JANE DOE, a minor, by her parents and next friends, JOHN DOE and JILL DOE,<br><br>                        Plaintiff,<br><br>       v.<br><br>ELKHORN AREA SCHOOL DISTRICT; JASON TADLOCK, in his individual capacity; and RYAN MCBURNEY, in his individual capacity,<br><br>                       Defendants. | Civ. Action No. 2:24-cv-00354-JPS |

**JOINT MOTION TO MODIFY SCHEDULING ORDER**

Plaintiff Jane Doe and Defendants Elkhorn Area School District ("EASD"), Jason Tadlock, and Ryan McBurney ("Defendants") (collectively, the "Parties"), jointly move this Court to modify the Scheduling Order, ECF No. 24, to re-set the dispositive motion deadline from October 11, 2024, to January 14, 2024. In support of this motion, the Parties state the following:

       1.       The Scheduling Order was entered on April 22, 2024. The Scheduling Order set the dispositive motion deadline as October 11, 2024. Under this Court's Pretrial Procedures Order for Civil Cases, ECF No. 5, the Parties are required to meet and confer no later than 45 days before the filing of a summary judgment motion and file an executive summary of such motion with the Court within five days after such meet-and-confer. ECF No, 5 at 6-7. Accordingly, under the current October 11 dispositive motion deadline, the Parties' deadline to meet and confer is August 27, and the deadline to file the executive summary is September 3, 2024.

       2.       Plaintiff anticipates filing a motion for partial summary judgment on Defendants' liability under Title IX of the Education Amendments of 1972 and the Equal Protection Clause of

the Fourteenth Amendment to the U.S. Constitution. Defendants also anticipate that this case will be resolved on summary judgment.

3. The Parties have endeavored in good faith to seek discovery expeditiously in light of the current dispositive motion deadline. After the Scheduling Order was issued, the Parties negotiated and filed a motion to enter proposed protective order on May 1. ECF No. 29. The Court entered the operative Protective Order, ECF No. 30, on May 3. On May 20, Plaintiff propounded her first set of interrogatories and requests for production on Defendants. On May 29, Plaintiff served Defendants notices to take the depositions of Defendant Tadlock, Defendant McBurney, and four other EASD employees, during the week of July 22.

4. On June 19, Defendants' counsel emailed Plaintiff's counsel to request a two-week extension of time to respond to Plaintiff's discovery requests. In response, Plaintiff's counsel noted the short discovery window and asked whether Defendants intended to make a document production concurrently with their written responses. Defendants' counsel responded that a production would be made with the written responses. Based on that information, Plaintiff consented to a 10-day extension, to July 1, citing the expedited discovery schedule and the depositions noticed for the week of July 22.

5. The Parties had some disputes in regard to the scope of the discovery requests and accordingly, counsel met and conferred on July 9 and 11, and resolved most of their disputes during those meetings and follow-up communications. To facilitate timely production of documents, the Parties agreed that Defendants would search for and produce responsive electronically stored information ("ESI"), based on an agreed list of specific custodians and agreed search terms. The Parties further agreed to table their remaining disputes until Plaintiff had the opportunity to review Defendants' document productions resulting from those searches.

6. During the July 9 meet-and-confer, Plaintiff's counsel advised Defendants' counsel that Plaintiff would need at least two weeks between receiving Defendants' document production and deposing the individual Defendants and other EASD employees. The Parties agreed to postpone the noticed depositions and identify mutually agreeable dates for those depositions.

7. On July 17, Defendants' counsel advised Plaintiff's counsel that Defendants intended to take depositions of Plaintiff, Plaintiff's parents, Plaintiff's treating therapist, and Plaintiff's expert witness.

8. After Defendants conducted the agreed-upon ESI searches, Defendants' counsel notified Plaintiff's counsel on July 19 that the searches had yielded over 10,000 documents. Plaintiff's counsel proposed that Defendants or their ESI vendor de-duplicate the search results and provide an updated document count after doing so. Plaintiff's counsel also proposed that Defendants provide a hit count of search results, by search term, so that the Parties might discuss ways to tailor the searches to reduce the overall volume.

9. As of the date of this Motion, the Parties are still working on the logistics of producing the information requested by Plaintiff's counsel described in the previous paragraph.

10. The Parties agree that, given the status of Defendants' document productions and the limited availability of EASD administrators and staff during the summer months, it will be difficult to schedule the necessary depositions or for the Parties to complete sufficient discovery before the August 27 deadline for the Parties to meet and confer on their anticipated motions for summary judgment.

11. Based on the foregoing, the Parties agree that an extension of the dispositive motion deadline is necessary to allow them to complete sufficient discovery, including depositions, before any summary judgment motions. Accordingly, the Parties move the Court to extend the summary

judgment deadline by three months from October 11, 2024, to January 14, 2025. The Parties' related deadlines would be the following:

- Deadline to meet and confer on motions for summary judgment: December 2, 2024
- Deadline to file joint executive summary to the Court: December 9, 2024
- Deadline to file motion(s) for summary judgment: January 14, 2025
- Deadline for opposition brief(s): February 13, 2025
- Deadline for reply brief(s): February 27, 2025

12. The Parties agree that the requested modification to the case schedule would not unduly delay the final disposition of this case.

Based on the foregoing, the Parties respectfully request that the Court grant this motion and modify the Scheduling Order to re-set the deadline to file motions for summary judgment from October 11, 2024, to January 14, 2025.

Dated: July 26, 2024

/s/ Joseph J. Wardenski
Joseph J. Wardenski
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Phone: (347) 913-3311
joe@wardenskilaw.com

Robert (Rock) Theine Pledl
Victoria Davis Dávila
DAVIS & PLEDL, S.C.
1661 N. Water Street, Suite 410
Milwaukee, WI 53202
Phone: (414) 667-0390
rtp@davisandpledl.com
vldd@davisandpledl.com

*Attorneys for Plaintiff*

Respectfully submitted,

STADLER SACKS LLC
Attorneys for Defendants

/s/ *Ronald S. Stadler*
Ronald S. Stadler, State Bar No. 1017450
Jonathan E. Sacks, State Bar No. 1103204
303 North Main Street
West Bend, WI 53095
telephone: 262-304-0610
e-mail: jes@stadlersacks.com
          rss@stadlersacks.com