## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

JANE DOE, a minor, by her parents and next
friends, JOHN DOE and JILL DOE,

        Plaintiff,

    v.

ELKHORN AREA SCHOOL DISTRICT
*et al.*,

        Defendants.

No. 2:24-cv-00354-JPS

## DECLARATION OF JOHN DOE

1.     My name is ▮▮▮▮▮ ("John Doe"). I am the father and next friend of ▮▮▮▮ ("Jane Doe"), the Plaintiff in the above-captioned action. I am over the age of 18 and am competent to make this declaration. I have personal knowledge of the matters stated in this declaration.

2.     I submit this declaration to respond to the declaration of Elkhorn Area Middle School ("EAMS") Principal Ryan McBurney, ECF No. 67, and the email chain between Mr. McBurney and myself attached to Mr. McBurney's declaration.

3.     Mr. McBurney is correct that he met with Jane; my wife, ▮▮▮▮ ("Jill Doe"); and I on February 5, 2025.[1]

4.     In August 2024, after this Court issued its preliminary injunction and prior to the start of the 2024-2025 school year, Jane had received some threatening and harassing messages on social media, including from other students, identifying her as the plaintiff in this lawsuit. My wife

---

[1] I am surprised and concerned that Mr. McBurney repeatedly uses the pronouns "they" and "their" to refer to Jane in his declaration (¶¶ 6, 8, 13). Jane uses the pronouns "she" and "her," not "they" and "their." As reflected in her Gender Support Plan [ECF No. 15-9], the school district has agreed to use those pronouns for Jane since November 2022.

and I reported those messages to Mr. McBurney at the time. Mr. McBurney advised us that he would take appropriate action and, for the first half of the school year, Jane did not experience similar issues.

5. In January 2025, Jane began to receive an escalating number of harassing messages on social media from other students, including messages from at least two current or former classmates criticizing Jane for bringing this lawsuit. One of those messages called her "selfish" and another wrote, "Not to add that u literally SUED our school for ur own benefit, not caring that they were already struggling with money."

6. Around this same time, Jane read some hurtful posts on a community Facebook page, Walworth County Scanner, referring to this case, transgender students, and transgender people generally.

7. The escalation in online bullying and anti-transgender social media posts coincided with the series of anti-transgender executive orders and statements made by President Trump in first days and weeks following his inauguration, including his announcement that the government would no longer support transgender students' rights in public schools.

8. The online bullying, anti-transgender social media posts, and negative national discourse on transgender students' rights made Jane feel vulnerable and unsafe about going to school.

9. During our meeting with Mr. McBurney on February 5, 2025, we explained all of this to him and requested guidance on how to ensure Jane's safety at school. Mr. McBurney told us he would investigate the situation.

10.     Unfortunately, Jane's anxiety about attending school worsened significantly and she stopped attending school for several weeks because of fears of being bullied, harassed, or mistreated.

11.     On March 4, 2025, I notified Mr. McBurney that my wife and I had decided to enroll Jane in the Options Virtual Charter School ("Options"), another school in the Elkhorn Area School District ("EASD"), for the remainder of the school year.

12.     Options provides a hybrid educational environment including virtual coursework and on-site learning opportunities at the school's physical location at 534 Sunset Drive in Elkhorn. We anticipate that Jane will participate in these on-site opportunities and need to use girls' restrooms at the Options building when she does so.

13.     Additionally, Options students may take some classes and participate in extracurricular activities in-person at other EASD schools. *See* Frequently Asked Questions, Options Virtual Charter School, https://options.elkhornschools.org/o/ovcs/page/faq.

14.     My wife and Jane will meet with the director of enrollment at Options on April 3, 2025, to finalize Jane's course schedule and discuss her participation in extracurricular activities.

15.     Jane has participated in extracurricular activities, including band, at EAMS. She is interested in continuing participation in band at EAMS while enrolled at Options. If she does so, she will continue to need access to girls' restrooms at EAMS.

16.     If the preliminary injunction is dissolved and Jane is unable to use girls' restrooms at Options and EAMS, she will not feel safe going to school in-person and will lose the benefits of the on-site educational opportunities and extracurricular activities.

17.     Jane's enrollment at Options is temporary and intended to help her finish her academic coursework this year without further disruption. In fall 2025, my daughter intends to

enroll and attend Elkhorn Area High School ("EAHS") for ninth grade. At EAHS, Jane will also need access to the girls' restrooms. This is key to giving her a fresh start as a regular high school student. Without the preliminary injunction or another court order requiring the school district to allow Jane to use girls' restrooms at EAHS, she will feel unsafe and uncomfortable going to school in person.

18.     Jane is now further along in her gender transition and has lived and gone to a school as a girl for nearly three years. She has used girls' restrooms at EAMS this year without any issue and denying her the ability to continue to do so would be disruptive and harmful to her.

19.     When we originally filed this lawsuit, we expected that Jane would need to use girls' locker rooms at EAMS and/or EAHS at some point. This year, EAMS permitted Jane to opt out of physical education class, so she has had no reason to change clothes or use locker rooms at EAMS.

20.     It is currently our understanding that Jane may be able to satisfy her physical education requirements in high school through virtual or self-paced courses that will not require her to use locker rooms. Jane does not participate in any school sports. Based on that understanding, we no longer expect Jane to want or need access to school locker rooms in high school.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/31/2025
                                                          ███████████ (JOHN DOE)

4